UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| SHAYNA PALMER,<br><br>                                        Plaintiff,<br><br>v.<br><br>BIG LOTS STORES, INC.,<br><br>                                        Defendant. | Civil Action No. 3:14–CV–276 |

## **MEMORANDUM ORDER**

THIS MATTER is before the Court on a Motion to Quash and a Motion for Protective Order ("Motion") (ECF No. 33) by Defendant Big Lots Stores, Incorporated ("Big Lots"). Plaintiff Shayna Palmer ("Palmer") opposes. For the reasons stated below, the Motion to Quash is GRANTED IN PART and DENIED IN PART. The Motion for Protective Order is DENIED.

On June 6, 2014, Palmer served her Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) on Big Lots ( "Notice").[1] The Notice set the deposition of Big Lots for July 23, 2014. Big Lots served objections to the Notice on June 23, 2014. Of the 60 designated topics, Big Lots objected to 41 topics including numbers 1, 2, 4, 5, 6, 7, 8, 13, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 32, 33, 34, 35, 36, 37, 38, 39, 41, 42, 43, 44, 45, 46, 47, 50, 51, 53, 54, 55, 56, 58, and 59.

Federal Rule of Civil Procedure 26(b) establishes the parameters for what information a party is entitled to discover in pretrial preparation. Fed. R. Civ. P. 26(b). In essence, a party is entitled to any nonprivileged information that is relevant to a claim or defense in the matter. *Id.* Moreover, relevance does not mean that the information has to be admissible at trial, but merely that the requested information is reasonably likely to lead to the discovery of admissible

---

[1] It appears that Palmer also served an Amended Notice on July 1. (*See* Def.'s Reply Ex A). The Amended Notice appears to be substantially the same as the original Notice.

evidence. *Id.* Discovery "is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc.,* 334 F.3d 390, 402 (4th Cir. 2003).

In addition to document requests and interrogatories pertaining to nonprivileged, relevant information, parties may also choose to take depositions under Rule 30(b)(6). Under this rule, "a party may name as the deponent a public or private corporation, a partnership, . . . or other entity and must describe with reasonable particularity the matters for examination. . . ." Fed. R. Civ. P. 30(b)(6). The fact that preparation for a 30(b)(6) deposition requires many hours of work and review of voluminous documents does not relieve the corporation of its responsibility to adequately prepare. *Concerned Citizens of Belle Haven v. The Belle Haven Club,* 223 F.R.D. 39, 43 (D. Conn. 2004). However, "[w]hen a topic for a Rule 30(b)(6) deposition is overbroad or vague, 'the responding party is unable to identify the outer limits of the areas of inquiry noticed, and designating a representative in compliance with the deposition notice becomes impossible.'" *Lipari v. U.S. Bancorp, N.A,* No. 07–2146–CM–DJW, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008).

The Court holds the following:

1. The Court previously found that the timing of Big Lots's privilege log productions did not result in a waiver of privilege under the facts of this case. As such:

   a. Topic 1 is general and relates to identification of persons with knowledge of the entire notice and the likely subjects of each such person's knowledge. This topic is struck as overbroad.

   b. Topics 4 and 5 concerning Big Lots's assertions and defenses stated in its answer and subjects covered by Palmer's interrogatories and requests for production are overbroad and are struck.

   c. Topic 6, seeking to discover information about Big Lots's claims of privilege, has already been addressed by Big Lots's amended privilege log. This topic is inappropriate for a corporate deponent and is struck.

   d. The Court declines to rule on topic 13 regarding a recorded voice mail message from Jerry Burnett, the former Store Manager of the relevant Big

Lots store. The Court does not have sufficient information to ascertain the relevance and admissibility of the voice mail message at issue.

   e.    Topics 23 and 50, seeking knowledge about the incident, how it happened, why it happened, who was responsible for the boxes falling, and Defendant's investigation of the incident are proper topics for deposition. These topics are allowed to the extent that they do not violate attorney-client privilege or the work product doctrine.

   f.    Topic 51, relating to the incident report, is moot because Big Lots has produced the relevant incident report. This topic is allowed.

   g.    Topics 56, 58, and 59 relating to information about Palmer, her condition, and her injuries are proper topics for deposition. These topics are allowed.

2. Topic 2 related to insurance coverage is struck, as it is not likely to lead to admissible evidence.

3. Topic 25 regarding the number of customers in the store is struck, as it is not likely to lead to admissible evidence.

4. Topics 17, 21, 24, 32, and 33 related to ladders within the Big Lots store, Big Lots's use of ladders, and storage of merchandise are relevant and may lead to admissible evidence. These topics are allowed.

   a. The portion of topic 45 related to alternative procedures and the advantages and costs of following alternative procedures is struck, as it is not likely to lead to admissible evidence.

5. Topics related to other stores and incidents, including but not limited to topics 15 and 16, are moot because the Court previously found that Palmer's inquiry into every complaint or incident, without time or geographic limitation, was overbroad and unduly burdensome. The Court found that the Palmer's limitation to incidents involving items falling from a high level to be insufficient to make the interrogatory reasonable. The Court then limited Palmer's inquiry to Big Lots's Fredericksburg store for any complaint or incident occurring in the three years prior to the incident at issue. These topics are, thus, struck.

6. Topics 8, 18, 21, 39, and 40 regarding Defendant's policies and procedures, best practices, and industry standards are allowed.

7. Topics 7, 35, 36, 37, and 38 regarding spoliation and surveillance are moot because the Court held that there is no video of the incident and Big Lots's review of the cameras at or near the scene did not show any part of the event in issue. Further, the

3

video from other parts of the store is not likely to lead to admissible evidence and, in any event, is no longer available. As such, these topics are struck.

8. Topics 53, 54, and 55 or similar topics that seek information related to remedial measures are struck, as they are not likely to lead to admissible evidence.

9. Topics 19, 20, 43, 44, and 46 regarding feasible alternatives are struck, as they are not likely to lead to admissible evidence.

10. The issue regarding temporal limitation as it relates to topics 34, 41, 39, 42, 47, and 58 is moot because it has been settled by the Court's previous order limiting Palmer's inquiry to Big Lots's Fredericksburg store for any complaint or incident occurring in the three years prior to the incident at issue.

Big Lots has not met its burden to show annoyance, embarrassment, oppression, or undue burden or expense, Fed. R. Civ. P. 26(c), nor has it demonstrated that specific prejudice or harm will result if no protective order is granted, *United States ex rel. Davis v. Prince,* 753 F. Supp. 2d 561, 565 (E.D. Va. 2010). The Court, thus, declines to enter a generalized protective order at this time and the Motion for Protective Order is DENIED.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___8th___ day of August 2014.

4