J. Matthew Haynes, Jr.
Direct Dial: 804.775.3809
Facsimile: 804.775.3800
E-Mail: mhaynes@lawmh.com



MH
McCandlish Holton

January 27, 2014

**BY FACSIMILE, U.S. MAIL, &
ELECTRONIC MAIL:**
Stephen C. Swain, Esq.
Shuttleworth, Ruloff, Swain,
Haddad & Morecock, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, VA 23452
(757) 671-6004 Facsimile
scswain@srgslaw.com

David B. Holt, Esq.
Joseph Smith, Ltd.
2100 Kecoughtan Road
Hampton, VA 23661-0437
(757) 244-7046 Facsimile
dholt@attorneys4injured.com

     **Re:**    **Shayna Palmer v. Big Lots Stores, Inc.: Non-Spoliation Notice to Preserve
              Documents, Electronic Data, Social Media Data, Storage Media,
              Electronic Devices, and Other Materials**

Gentlemen:

     I write to provide a Non-Spoliation Notice on behalf of Big Lots Stores, Inc. ("Big
Lots") regarding the pending Richmond Circuit Court lawsuit, *Shayna Palmer v. Big Lots
Stores, Inc.*, which concerns bodily injuries your client, Shayna Palmer, a.k.a. Shayna
Mitchell (hereinafter, "Plaintiff") allegedly sustained as a result of an incident that allegedly
occurred on December 8, 2012, at the Big Lots store located at 2000 Plank Road,
Fredericksburg, Virginia ("the Incident").

**I.**    **Definitions**

     Please apply the following definitions to the terms referenced herein:

    A. For the purposes of this notice, information relevant to the **"Lawsuit"** shall broadly
       include Plaintiff's bodily injuries allegedly resulting from the "Incident"; any
       permanent or temporary medical condition or disability Plaintiff or Plaintiff's medical
       providers relate to the "Incident" or injuries Plaintiff allegedly sustained as a result of

EXHIBIT B
tabbies

Stephen C. Swain, Esq.
David B. Holt, Esq.
January 27, 2014
Page 2

the "Incident"; Plaintiff's medical, psychiatric, psychological, neuropsychological, educational, employment, criminal, and financial histories; Plaintiff's intellectual interests and abilities; Plaintiff's hobbies, activities, and community involvement; and Plaintiff's cognitive abilities (including, but not limited to, Plaintiff's language abilities, concentration, sustained attention, processing speed, memory, impulse control, auditory abilities, visual abilities, emotional maturity, etc.).

B. For the purpose of this notice, **"Social Media Accounts"** shall include, but not be limited to, all social networking and text messaging accounts (e.g., Facebook, MySpace, Twitter, LinkedIn, Google+); dating/romance website accounts (e.g., Match.com, eHarmony); photo/video share accounts (e.g., Vine, SnapChat, Instagram, Picassa); "gaming" social network accounts (e.g., PSN, Xbox Live, Steam); online community accounts (e.g., Pinterest, GoodReads); and blog accounts (e.g., WordPress, Tumbler, Gawker).

C. For the purpose of this notice, **"Social Media Data"** includes, but is not limited to: posts; wall posts; profile information (e.g., interests, hobbies, likes, dislikes) reviews (e.g., product reviews, book reviews); digital photographs; digital videos; messages (public and private); blog entries; biographical information (e.g., birthday, residential history, educational institutions, employment history), ; video and/or computer game participation scores and/or results; comments; shared content; "Pins"; "Likes"; "Tweets"; friend requests; "friends"; "follows"; data from applications ("apps"); etc.

D. For the purposes of this notice, **"Electronic Data"** shall include, but not be limited to, all text files (including word processing documents), spread sheets, e-mail files and information concerning e-mail (including logs of e-mail history and usage, contacts, header information and "deleted" files), internet and web-browser generated history files, preferences, caches and "cookie" files; graphical image format ("GIF") files; data bases; calendar and scheduling information; computer system activity logs; all deleted files, file fragments, and backup files; all audio and/or video recordings/files; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); scanned image files, including screenshots; digital photographs; text messages; photo messages; Social Media Data; applications ("apps"); etc.

E. For the purposes of this notice, **"Electronic Devices"** shall include, but not be limited to: standalone personal computers; notebook and/or laptop computers; desktop computers; network workstations; tablets; smart phones; e-book readers (e.g., Kindle, Nook); cellular telephones; computer servers; digital recorders/Dictaphones; and video game consoles (e.g. Nintendo Wii, Xbox, Sony PlayStation, etc.).

Stephen C. Swain, Esq.
David B. Holt, Esq.
January 27, 2014
Page 3

F. For the purposes of this notice, **"Storage Media"** shall include, but not be limited to: hard disks; floppy disks; back-up tapes; Jaz or Zip cartridges; internal and external hard drives; USB flash drives; computer networks and/or clouds (e.g. internet hosting services such as Google, Kryptonite, Apple, MSN, Yahoo, Amazon, iTunes, and Microsoft), memory cards, CD-ROMs, DVDs, DVRs, etc.

## II.   Non-Spoliation Notices and Demands

Big Lots notices and demands that Plaintiff, along with Plaintiff's agents and/or employees, not deactivate, delete, or otherwise render inaccessible any "Social Media Accounts" (as defined in ¶ B, *supra*) which Plaintiff created, activated, maintains, has exclusive and/or shared control over, and/or to which Plaintiff and/or Plaintiff's agents and/or employees have access, to the extent such Social Media Accounts contain "Social Media Data" (as defined in ¶ C, *supra*) which may be relevant to the Lawsuit (the scope of which is defined in ¶ A, *supra*). Big Lots further gives notice and demands that Plaintiff, along with Plaintiff's agents and employees, not delete, destroy, conceal, alter, or otherwise render inaccessible any Social Media Data from such Social Media Accounts, to the extent such Social Media Data may be relevant to the Lawsuit.

Big Lots also provides notice and demands that Plaintiff, along with Plaintiff's agents and/or employees, not destroy, conceal and/or alter any documents, things, or "Electronic Data" (as defined in ¶ D, *supra*) and/or Social Media Data, generated by and/or stored on any "Electronic Devices" (as defined in ¶ E, *supra*) in the possession and/or control of Plaintiff, Plaintiff's agents, and/or Plaintiff's employees, or to which Plaintiff, Plaintiff's agents, and/or Plaintiff's employees have access, to the extent any such Electronic Data and/or Social Media Data may be relevant to the Lawsuit. Big Lots similarly provides notice and demands that Plaintiff, along with Plaintiff's agents and/or employees, not destroy, conceal, or render inoperable any Electronic Devices which may contain Electronic Data and/or Social Media Data which may be relevant to the Lawsuit.

Big Lots further provides notice and demands that Plaintiff, along with Plaintiff's agents and/or employees, not destroy, conceal, alter, or otherwise render inaccessible, any Electronic Data and/or Social Media Data stored on or within any type of "Storage Media" (as defined in ¶ E, *supra*), to the extent such Electronic Data and/or Social Media Data may be relevant to the Lawsuit. Big Lots similarly provides notice and demands that Plaintiff, along with Plaintiff's agents and/or employees, not destroy, conceal, or otherwise render inoperable or inaccessible, any type of Storage Media which may contain Electronic Data and/or Social Media Data which may be relevant to the Lawsuit.

The above notices and demands are essential to Big Lots' defense, as paper printouts of Electronic Data and Social Media Data do not completely reflect all of the information within the Electronic Devices, Storage Media, and/or Social Media Accounts containing such data. Electronic Data and Social Media Data, together with the Electronic Devices, Storage

Stephen C. Swain, Esq.
David B. Holt, Esq.
January 27, 2014
Page 4

Media, and Social Media Accounts on which such data is stored, contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even when a paper copy exists, Big Lots may seek all of the Electronic Data and/or Social Media Data described above in their electronic forms, along with information contained on or within the relevant Electronic Devices, Storage Media, and/or Social Media Accounts. Similarly, Big Lots may request to inspect any such Electronic Devices and/or Storage Media, or gain access to any relevant Social Media Accounts, to the extent they may contain Electronic Data and/or Social Media Data which may be relevant to the Lawsuit.

Big Lots may also seek paper printouts of documents, Electronic Data, and/or Social Media Data which may contain unique information after they are printed (e.g., handwriting, signatures, marginalia, drawings, annotations, highlighting, track changes, and redactions), along with any paper documents for which no corresponding electronic files exist. Big Lots notices and directs that Plaintiff is not to destroy, alter, or conceal any non-electronic documents or things which may be relevant to the Litigation, including audio and video recordings, and/or voicemails, and/or the media on which such materials are stored.

Through discovery, Big Lots expects to obtain any number of documents, Electronic Data, Social Media Data, and things, including Electronic Data and Social Media Data stored on Plaintiff's Electronic Devices and Storage Media, and/or within Plaintiff's relevant Social Media Accounts. To avoid spoliation of such evidence, Plaintiff is to provide the documents and/or data, when requested, in the original media. Please do not reuse any media to provide such data. Additionally, please take note that the continued operation of the computer systems pertinent to this Notice will likely result in the destruction of relevant evidence, due to the fact that electronic evidence can be easily altered, deleted, or otherwise modified.

Big Lots notices and demands that Plaintiff take the following steps immediately upon receipt of this Notice to prevent the destruction or alteration of any relevant Electronic Data and/or Social Media Data that Big Lots may seek in discovery:

1.  Plaintiff is to immediately make true and accurate copies of all Electronic Data and/or Social Media Data stored on any Electronic Device's fixed/internal Storage Media (e.g. internal computer hard-drive, internal smart phone data storage; internal tablet data storage; internal videogame console data storage, etc.), including all active files, completely restored versions of all deleted electronic files, and all file fragments, to the extent such Electronic Data and/or Social Media Data may be relevant to the Lawsuit. Such copies should be preserved until the Lawsuit is completely resolved, including any appeals.

2.  Plaintiff must retain and preserve all backup tapes or other Storage Media, whether online or offline, and refrain from overwriting or deleting information contained thereon, which may contain Electronic Data or Social Media Data relevant to the

Stephen C. Swain, Esq.
David B. Holt, Esq.
January 27, 2014
Page 5

Lawsuit. Such materials are to be preserved until the Lawsuit is completely resolved, including any appeals.

3. Plaintiff is to immediately make true and accurate electronic copies of all Electronic Data and/or Social Media Data stored on all computer networks and/or clouds (e.g. internet hosting services such as Google, Kryptonite, Apple, MSN, Yahoo, Amazon, iTunes, or Microsoft), as they existed on the date this Notice was received. Such copies should be preserved until the Lawsuit is completely resolved, including any appeals.

4. Plaintiff is to immediately remove from service all external Storage Media (e.g. floppy disks; back-up tapes; Jaz or Zip cartridges; external hard drives; USB flash drives; memory cards, CD-ROMs, DVDs, DVRs, etc.) containing Electronic Data and/or Social Media Data created on or before the date on which this Notice was received, which may be relevant to the Litigation. Plaintiff is to refrain from using all such external Storage Media for the duration of the Lawsuit, including any appeals.

5. Plaintiff is to make true and accurate electronic copies of any Social Media Data created on or before the date this Notice was received, to the extent such Social Media Data may be relevant to the Lawsuit. Such Social Media Data contained within a Social Media Account should be preserved in its original format for the duration of the Lawsuit, including any appeals. Plaintiff is to preserve and not destroy all passwords, decryption procedures, and/or any other information necessary to access, view, and possibly reconstruct such Social Media Data. Plaintiff is to alert all relevant Social Media Account hosting sites (e.g. Facebook, Twitter, etc.) of the Litigation and this Notice, and direct such hosting sites not to delete, deactivate, or otherwise render inaccessible Plaintiff's relevant Social Media Accounts, and/or delete, destroy, or otherwise render inaccessible, any relevant Social Media Data stored in such Social Media Accounts, for the duration of the Lawsuit, including any appeals.

6. With regard to Electronic Data and/or Social Media Data created after the date this Notice is received, relevant evidence must not be destroyed or altered, and Plaintiff is required to take whatever steps necessary to avoid destroying, altering, or otherwise rendering inaccessible any Electronic Data, Social Media Data, Social Media Accounts, Storage Media, Electronic Devices, documents, and/or things which may be relevant to the Lawsuit. Plaintiff is not to pack, compress, purge or otherwise dispose of files and/or parts of files unless true and accurate copies of such files are made. This may require Plaintiff to suspend certain normal computer maintenance procedures, including, but not limited to, de-fragmenting hard drives, deleting internet cookies, deleting browser history and favorites, and running any "disk clean-up" processes.

Stephen C. Swain, Esq.
David B. Holt, Esq.
January 27, 2014
Page 6

7.  Plaintiff is to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files, network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software) and any and all other information and things necessary to access, view and possibly reconstruct the Electronic Data and Social Media Data Big Lots may request through discovery.

The obligation to preserve documents, Electronic Date, Social Media Data, Social Media Accounts, Storage Media, Electronic Devices, and things for discovery arises independently of any other motion for, or order to preserve, such materials from destruction or alteration.  As you may know, failure to preserve and retain the documents, Electronic Data, Social Media Data, Social Media Accounts, Storage Media, Electronic Devices, and/or things which may be relevant to this matter—or reasonably subject to discovery under all applicable rules, statutes, and/or regulations—may constitute spoliation of evidence.  Failure to comply with this notice can result in severe evidentiary or monetary sanctions imposed by the court.  *See, e.g., Allied Concrete Co. v. Lester*, 285 Va. 295, 736 S.E.2d 699 (2013).

Thank you for your time and attention to this matter.  Please contact me if you have any questions regarding this Notice.

Sincerely,

J. Matthew Haynes Jr.

JMH/GMD